UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **12-80234-CR-RYSKAMP/HOPKINS**

18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(d)
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

RAFAEL OSCAR VALDES,
and
TAMMY LYNN VALDES,

        Defendants.
_____/



### INDICTMENT

The Grand Jury charges that:

#### INTRODUCTION

At all times relevant to this Indictment:

1. Defendants RAFAEL OSCAR VALDES and TAMMY LYNN VALDES resided in the City of Miami, Florida, within the Southern District of Florida.

2. Defendant RAFAEL OSCAR VALDES was employed as a sworn law enforcement officer by the City of Hialeah, Florida.

3. Defendant TAMMY LYNN VALDES was employed as a sworn law enforcement officer by the City of West Miami, Florida, from 2004 until 2008, and the Town of Golden Beach, Florida, from 2008 until 2009.

4. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) was and is an agency of the United States Department of Justice responsible for enforcing and administering federal firearms laws and regulations.

5. Pursuant to Title 18, United States Code, Section 922(a)(1)(A) it is unlawful for any person to engage in the business of dealing in firearms without applying for and receiving a Federal Firearms License (FFL) as required by Title 18, United States Code, Section 923.

6. Defendants RAFAEL OSCAR VALDES and TAMMY LYNN VALDES did not possess an FFL and were not otherwise licensed to deal in firearms.

7. Pursuant to Title 18, United States Code, Section 923, an FFL must maintain a place of business subject to inspection; complete and maintain records concerning the receipt, sale, and disposition of firearms, i.e., an acquisition and disposition book; require customers to complete an ATF Form 4473 whenever a firearm is sold; report multiple sales of two or more handguns; and conduct a background check of all firearm purchasers.

8. An ATF Form 4473 is designed to identify the serial number and type of firearm sold, the transferor (seller), the transferee/buyer, whether the transferee/buyer is eligible to possess and buy a firearm, provides notice that any false statement made in connection with completing an ATF Form 4473 is punishable

by law; and provides notice that the "repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of law." Eligibility to purchase a firearm is determined by the person's answers to a series of questions, which, in essence, cover a list of disqualifying factors under federal law, including, whether the person is the actual buyer, whether the person is a convicted felon, has a history of drug abuse or mental incapacity, and whether the person has legal status to be in the United States. After the Form 4473 is completed and signed by the transferee/buyer attesting to the accuracy of his/her responses, the FFL is required to conduct a background check and obtain approval of the sale.

9. The term "dealer" is defined in relevant part by Title 18, United States Code, Section 921(a)(11) as any person engaged in the business of selling firearms at wholesale or retail.

10. The term "engaged in the business," as applied to a dealer in firearms, is defined by Title 18, United States Code, Section 921(a)(21) as "a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his

personal collection of firearms."

11. The term "with the principal objective of livelihood and profit" as defined by Title 18, United States Code, Section 921(a)(22) means the "intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection: *Provided*, That proof of profit shall not be required as to a person who engages in the regular and repetitive purchase and disposition of firearms for criminal purposes or terrorism."

## COUNT 1

12. The allegations of paragraphs 1 through 11 are repeated and realleged in Count 1 of this Indictment as though fully set forth therein.

13. Beginning at least as early as in or about July 2005, the exact date being unknown to the Grand Jury, and continuing through in or about June 2012, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**RAFAEL VALDES,**
and
**TAMMY LYNN VALDES,**

did willfully engage in the business of dealing in firearms without a Federal Firearms License.

## MANNER AND MEANS OF ENGAGING IN THE BUSINESS
## OF DEALING IN FIREARMS

The manner and means utilized to engage in the business of dealing in firearms included, among other things, the following:

14. Between in or about July 2005 and continuing through in or about May 2011, the Defendants advertised and sold more than 100 firearms using the Internet website *GunBroker.com* to persons located in 44 different states.

15. Between in or about January 2009 and continuing through in or about June 2012, the defendants attended more than 60 Gun Shows in Palm Beach County, St. Lucie County, Broward County, Miami-Dade County, within the Southern District of Florida, and elsewhere within the Middle District of Florida.

16. At the Gun Shows described above, the defendants purchased more than 400 firearms, sold more than 500 firearms, and on various occasions purchased and subsequently sold the same firearm at the same Gun Show.

17. Between in or about October 2011 and continuing through in or about April 2012, the defendants sold 9 firearms to undercover federal agents, offered to acquire firearms for undercover federal agents, and offered to purchase firearms from undercover federal agents.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D) and 2.

5

## COUNT 2

On or about January 4, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant,

**RAFAEL OSCAR VALDES,**

in connection with the acquisition of a firearm, that is, three firearm frames and receivers defined as firearms in Title 18, United States Code, Section 921(a)(3)(B), from a federally licensed firearms dealer, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearm frames and receivers, in that the defendant stated in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he was the actual buyer of the three firearm frames and receivers, when in truth and in fact, and as the defendant then and there well knew, he was acquiring the firearms frames and receivers for another person, in violation of Title 18, United States Code, Section 922(a)(6).

## CRIMINAL FORFEITURE

Upon conviction of the violation alleged in count one of the Indictment, the defendants RAFAEL OSCAR VALDES and TAMMY LYNN VALDES, shall forfeit to the United States any firearm or ammunition involved in or used in said violation, including, but not limited to, the following:

(A)   5 Rifles:

| QUANTITY | MANUFACTURE |
|---|---|
| 1 | Bushmaster Firearms |
| 1 | German Sports Guns |
| 1 | LWRC |
| 1 | Masterpiece Arms |
| 1 | Stag Arms |

(B)  4 Shotguns

| QUANTITY | MANUFACTURE |
|---|---|
| 3 | Remington Arms Company |
| 1 | Russian |

(C) 38 Handguns

| QUANTITY | MANUFACTURE |
|---|---|
| 2 | Beretta USA Corp. |
| 2 | Colt |
| 1 | FNH, USA LLC., |
| 5 | Glock, Inc. |
| 2 | Iver Johnson Arms, Inc. |
| 4 | Keltec, CNC Industries, Inc. |
| 1 | Mauser |
| 1 | Rock Island Armory, Inc. |
| 1 | Rohrbaugh Firearms |
| 2 | Ruger |
| 1 | Sig Sauer |

| | |
|---|---|
| 10 | Smith & Wesson |
| 1 | Springfield Armory |
| 1 | Star, Bonifacio Echeverria |
| 1 | Stoeger |
| 3 | Taurus |

(D) One (1) Unknown make and model firearm;

(E) One (1) Sig Sauer firearm receiver; and

(F) Approximately 6 rounds of .357 caliber ammunition.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 924(d), and the procedures outlined at Title 21, United States Code, Section 853.

A TRUE BILL

_____
Foreperson

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ADAM C. MCMICHAEL
ASSISTANT UNITED STATES ATTORNEY

9

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.** |
| vs. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **RAFAEL OSCAR VALDES,** and **TAMMY LYNN VALDES,** | |
| Defendants._____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

```
___ Miami    ___ Key West
___ FTL  _X_ WPB   ___ FTP
```

New Defendant(s)         Yes ___   No ___
Number of New Defendants   ___
Total number of counts     ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)  NO
   List language and/or dialect  _____

4. This case will take  _14_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                       (Check only one)
   I    0 to 5 days    ___              Petty    ___
   II   6 to 10 days   ___              Minor    ___
   III  11 to 20 days  _X_              Misdem.  ___
   IV   21 to 60 days  ___              Felony   _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  NO
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   NO
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers:  12-8261-DLB; 12-25-FJL
   Defendant(s) in federal custody as of  _____
   Defendant(s) in state custody as of  _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

_____
ADAM C. McMICHAEL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0772321

*Penalty Sheet(s) attached                           REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

## CASE NO.

Defendant's Name:   Rafael Oscar Valdes

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Sale of Firearms without a Federal Firearms License | 18:922(a)(1)(A)<br>18:924(a)(1)(D) | 5 years<br>$250,000 fine<br>SR: 3 years<br>$100 Special Assessment |
| 2 | Material False Statement in Connection with Sale or other Disposition of Firearms | 18:922(a)(6)<br>18:924(a)(2) | 10 years<br>$250,000 fine<br>SR: 3 years<br>$100 Special Assessment |
|  | Forfeiture |  |  |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

CASE NO. _____

Defendant's Name:   Tammy Lynn Valdes

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Sale of Firearms without a Federal Firearms License | 18:922(a)(1)(A)<br>18:924(a)(1)(D) | 5 years<br>$250,000 fine<br>SR: 3 years<br>$100 Special Assessment |
|  | Forfeiture |  |  |