UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CR-80234-MIDDLEBROOKS/BRANNON(s)
18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(d)
18 U.S.C. § 2
18 U.S.C. § 2314
26 U.S.C. § 7206(1)

FILED by D.C.
JUL 31 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**UNITED STATES OF AMERICA**

v.

**RAFAEL OSCAR VALDES,**
a/k/a Rafael O. Valdez,
**and**
**TAMMY LYNN VALDES,**
a/k/a Tammy L. Rocillo,

**Defendants.**
_______________________________/

**SUPERSEDING INDICTMENT**

The Grand Jury charges that:

**INTRODUCTION**

At all times relevant to this Superseding Indictment:

1. Defendants RAFAEL OSCAR VALDES, a/k/a Rafael O. Valdez, and TAMMY LYNN VALDES, a/k/a Tammy L. Rocillo, resided in the City of Miami, Florida, within the Southern District of Florida.

2. Defendant RAFAEL OSCAR VALDES, a/k/a Rafael O. Valdez, was employed as a sworn law enforcement officer by the City of Hialeah, Florida.

3. Defendant TAMMY LYNN VALDES, a/k/a Tammy L. Rocillo, was employed as a sworn law enforcement officer by the City of West

Miami, Florida, from 2004 until 2008, and the Town of Golden Beach, Florida, from 2008 until 2009.

4. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) was and is an agency of the United States Department of Justice responsible for enforcing and administering federal firearms laws and regulations.

5. Pursuant to Title 18, United States Code, Section 922(a)(1)(A) it is unlawful for any person to engage in the business of dealing in firearms without applying for and receiving a Federal Firearms License (FFL) as required by Title 18, United States Code, Section 923.

6. Defendants RAFAEL OSCAR VALDES, a/k/a Rafael O. Valdez, and TAMMY LYNN VALDES, a/k/a Tammy L. Rocillo, did not possess an FFL and were not otherwise licensed to deal in firearms.

7. Pursuant to Title 18, United States Code, Section 923, an FFL must maintain a place of business subject to inspection; complete and maintain records concerning the receipt, sale, and disposition of firearms, i.e., an acquisition and disposition book; require customers to complete an ATF Form 4473 whenever a firearm is sold; report multiple sales of two or more handguns; and conduct a background check of all firearm purchasers.

8. An ATF Form 4473 is designed to identify the serial number and type of firearm sold, the transferor (seller), the transferee/buyer, whether the transferee/buyer is eligible to

possess and buy a firearm, provides notice that any false statement made in connection with completing an ATF Form 4473 is punishable by law; and provides notice that the "repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of law." Eligibility to purchase a firearm is determined by the person's answers to a series of questions, which, in essence, cover a list of disqualifying factors under federal law, including, whether the person is the actual buyer, whether the person is a convicted felon, has a history of drug abuse or mental incapacity, and whether the person has legal status to be in the United States. After the Form 4473 is completed and signed by the transferee/buyer attesting to the accuracy of his/her responses, the FFL is required to conduct a background check and obtain approval of the sale.

9. The term "dealer" is defined in relevant part by Title 18, United States Code, Section 921(a)(11) as any person engaged in the business of selling firearms at wholesale or retail.

10. The term "engaged in the business," as applied to a dealer in firearms, is defined by Title 18, United States Code, Section 921(a)(21) as "a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales,

exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms."

11. The term "with the principal objective of livelihood and profit" as defined by Title 18, United States Code, Section 921(a)(22) means the "intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection: *Provided*, That proof of profit shall not be required as to a person who engages in the regular and repetitive purchase and disposition of firearms for criminal purposes or terrorism."

**COUNT 1**
(Dealing in Firearms without a License)
(18 U.S.C. § 922(a)(1)(A))

12. The allegations of paragraphs 1 through 11 are repeated and realleged in Count 1 of this Superseding Indictment as though fully set forth therein.

13. Beginning at least as early as in or about July 2005, the exact date being unknown to the Grand Jury, and continuing through in or about June 2012, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**RAFAEL OSCAR VALDES,**
a/k/a Rafael O. Valdez,
**and**
**TAMMY LYNN VALDES,**
a/k/a Tammy L. Rocillo,,

did willfully engage in the business of dealing in firearms without a Federal Firearms License.

**MANNER AND MEANS OF ENGAGING IN THE BUSINESS OF DEALING IN FIREARMS**

The manner and means utilized to engage in the business of dealing in firearms included, among other things, the following:

14. Between in or about July 2005 and continuing through in or about May 2011, the defendants advertised and sold firearms using the Internet website *GunBroker.com* to persons located outside the State of Florida.

15. Between in or about January 2009 and continuing through in or about June 2012, the defendants attended more than 60 Gun Shows in Palm Beach County, St. Lucie County, Broward County, Miami-Dade County, within the Southern District of Florida, and elsewhere within the Middle District of Florida.

16. At the Gun Shows described above, the defendants purchased more than 400 firearms, sold more than 500 firearms, and on various occasions purchased and subsequently sold the same firearm at the same Gun Show.

17. Between in or about October 2011 and continuing through in or about April 2012, the defendants sold 9 firearms to undercover federal agents, offered to acquire firearms for undercover federal agents, and offered to purchase firearms from undercover federal agents.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D) and 2.

**COUNT 2**
(False Statement to a Firearms Dealer)
(18 U.S.C. § 922(a)(6))

On or about January 4, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant,

**RAFAEL OSCAR VALDES,**
a/k/a Rafael O. Valdez,

in connection with the acquisition of a firearm, that is, three firearm frames and receivers defined as firearms in Title 18, United States Code, Section 921(a)(3)(B), from a federally licensed firearms dealer, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearm frames and receivers, in that the defendant stated in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he was the actual buyer of the three firearm frames and receivers, when in truth and in fact, and as the defendant then and there well knew, he was acquiring the firearms frames and receivers for another person, in violation of Title 18, United States Code, Section 922(a)(6).

**Count 3**
(Transportation of Stolen Property)
(18 U.S.C. § 2314)

Beginning on or about September 12, 2008, and continuing through on or about March 3, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RAFAEL OSCAR VALDES,**
a/k/a Rafael O. Valdez,

did transport, transmit, and transfer in interstate commerce, goods, wares, and merchandise, that is, firearm parts belonging to the City of Hialeah Police Department, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

**COUNTS 4 - 7**
(Filing of False Income Tax Returns)
(26 U.S.C. § 7206(1))

On or about the dates listed below, in the Southern District of Florida, and elsewhere, the defendants,

**RAFAEL OSCAR VALDES,**
a/k/a Rafael O. Valdez,
**and**
**TAMMY LYNN VALDES,**
a/k/a Tammy L. Rocillo,

did willfully make and subscribe United States Individual Income Tax Returns, IRS Form 1040, for the calender years identified below, each of which was verified by a written declaration that it was made under the penalties of perjury, and was filed with the IRS, which tax returns the defendants did not believe to be true and correct as to every material matter for each of the below tax years, in that the tax returns falsely reported the below listed

total income amounts for each of the below listed tax years on line 22, whereas, the defendants then and there well knew and believed, their actual total income substantially exceeded the below listed amounts which were reported by the defendants as to each of the below tax years,

| **Count:** | **On or About:** | **Total Reported Income:** | **Tax Year:** |
|---|---|---|---|
| 4 | February 10, 2009 | $175,728.00 | 2008 |
| 5 | February 9, 2010 | $154,704.00 | 2009 |
| 6 | February 11, 2011 | $116,264.00 | 2010 |
| 7 | February 8, 2012 | $98,938.00 | 2011 |

All in violation of Title 26, United States Code, Section 7206(1).

**CRIMINAL FORFEITURE**

Upon conviction of the violation alleged in count one of the Superseding Indictment, the defendants RAFAEL OSCAR VALDES, a/k/a Rafael O. Valdez and TAMMY LYNN VALDES, a/k/a Tammy L. Rocillo, shall forfeit to the United States any firearm or ammunition involved in or used in said violation, including, but not limited to, the following:

(A) 5 Rifles:

| **QUANTITY** | **MANUFACTURE** |
|---|---|
| 1 | Bushmaster Firearms |

| | |
|---|---|
| 1 | German Sports Guns |
| 1 | LWRC |
| 1 | Masterpiece Arms |
| 1 | Stag Arms |

(B) 4 Shotguns

| QUANTITY | MANUFACTURE |
|---|---|
| 3 | Remington Arms Company |
| 1 | Russian |

(C) 38 Handguns

| QUANTITY | MANUFACTURE |
|---|---|
| 2 | Beretta USA Corp. |
| 2 | Colt |
| 1 | FNH, USA LLC., |
| 5 | Glock, Inc. |
| 2 | Iver Johnson Arms, Inc. |
| 4 | Keltec, CNC Industries, Inc. |
| 1 | Mauser |

9

| | |
|---|---|
| 1 | Rock Island Armory, Inc. |
| 1 | Rohrbaugh Firearms |
| 2 | Ruger |
| 1 | Sig Sauer |
| 10 | Smith & Wesson |
| 1 | Springfield Armory |
| 1 | Star, Bonifacio Echeverria |
| 1 | Stoeger |
| 3 | Taurus |

(D) One (1) Unknown make and model firearm;

(E) One (1) Sig Sauer firearm receiver; and

(F) Approximately 6 rounds of .357 caliber ammunition.

Pursuant to Title 28, United States Code, Section 2461, Title

18, United States Code, Section 924(d), and the procedures outlinedat Title 21, United States Code, Section 853.

A TRUE BILL

Foreperson

WIFREDO A. FERRER
UNITED STATES ATTORNEY

ADAM C. MCMICHAEL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

RAFAEL OSCAR VALDES and
TAMMY LYNN VALDES,

Defendants.

CASE NO. 12-80234-CR-MIDDLEBROOKS/BRANNON(s)

# CERTIFICATE OF TRIAL ATTORNEY*

**Court Division:** (Select One)

____ Miami ____ Key West
____ FTL X WPB ____ FTP

**Superseding Case Information:**

New Defendant(s) Yes ____ No X
Number of New Defendants ____
Total number of counts 7

I do hereby certify that:

1. I have carefully considered the allegations of the **Superseding Indictment**, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) NO
List language and/or dialect ____

4. This case will take 14 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| (Check only one) | | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ |
| II | 6 to 10 days | ____ | Minor | ____ |
| III | 11 to 20 days | X | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | x |
| V | 61 days and over | ____ | | |

6. Has this case been previously filed in this District Court? (Yes or No) Yes
If yes:
Judge: Middlebrooks Case No. 12-80234-CR-Middlebrooks/Brannon
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) No
If yes:
Magistrate Case No. ____
Related Miscellaneous numbers: 12-8261-DLB
Defendant(s) in federal custody as of ____
Defendant in state custody as of ____
Rule 20 from the ____ District of ____

Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes x No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes x No

ADAM C. MCMICHAEL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0772321

*Penalty Sheet(s) attached

REV 4/8/08

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**CASE NO. 12-CR-80234-MIDDLEBROOKS/BRANNON(s)**

Defendant's Name: Rafael Oscar Valdes, a/k/a Rafael O. Valdez

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Sale of Firearms without a Federal Firearms License | 18:922(a)(1)(A)<br>18:924(a)(1)(D) | 5 years<br>$250,000 fine<br>SR: 3 years<br>$100 Special Assessment |
| 2 | Material False Statement in Connection with Sale or other Disposition of Firearms | 18:922(a)(6)<br>18:924(a)(2) | 10 years<br>$250,000 fine<br>SR: 3 years<br>$100 Special Assessment |
| 3 | Sale of Stolen Property | 18: 2314 | 10 years<br>$250,000 fine<br>SR: 3 years<br>$100 Special Assessment |
| 4-7 | Filing a False Tax Return | 26:7206(1) | 3 years<br>$250,000 fine<br>SR: 1 year<br>$100 Special Assessment |
| | Forfeiture | | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

## CASE NO. 12-CR-80234-MIDDLEBROOKS/BRANNON(s)

Defendant's Name: Tammy Lynn Valdes, a/k/a Tammy L. Rocillo

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Sale of Firearms without a Federal Firearms License | 18:922(a)(1)(A)<br>18:924(a)(1)(D) | 5 years<br>$250,000 fine<br>SR: 3 years<br>$100 Special Assessment |
| 4-7 | Filing a False Tax Return | 26:7206(1) | 3 years<br>$250,000 fine<br>SR: 1 year<br>$100 Special Assessment |
| | Forfeiture | | |