UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CR-80234-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAFAEL OSCAR VALES,
and
TAMMY LYNN VALES,

    Defendants
_____/

## ORDER ON MOTIONS IN LIMINE

THIS CAUSE comes before the Court upon the following:

1. Government's Motion (DE 68) and Amended Motion *in Liming* Regarding Non-Sequestration of Law Enforcement Witness (DE 129) (the "Non-Sequestration Motion");

2. Government's Motion for Protective Order as to CI Information (DE 91);

3. Government's Motion *in Liming* Concerning AT[1] Special Agent, John Leahy (DE 92);

4. Government's Motion *in Liming* to Preclude Argument and Evidence Related to AT Policies (DE 125); and

5. Defendants' Motion *in Liming* Regarding Display of Firearms, Particularly the Barrett 50 Caliber Sniper Rifle in the Government's Possession (DE 127 & 128);[2] and

The Defendants are charged by superseding indictment with one count of dealing in

---

[1] The AT stands for the United States Department of Justice; Bureau of Alcohol, Tobacco and Firearms.

[2] This Motion was filed by Defendant Tammy Valdes, but DE 128 was a Motion to Join in her Motion, and so the Court construes them as one Motion).

firearms without a federal firearms license, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2. The Defendants are also charged with four counts of filing false tax returns for tax years 2008-2011, in violation of Title 26, United States Code, Section 7206(1). Defendant Rafael Valdes is additionally charged with transporting stolen goods in interstate commerce in violation of Title 18, United States Code 2314. In conducting its investigation, the Government utilized confidential informants ("CI") and undercover agents ("UA"), and incident to the Defendants' arrests, it seized numerous firearms.

I first note that the first three Motions set forth above were filed back in June of this year, and the Defendants have failed to file any response or other objection to the relief requested therein.[3] The Non-Sequestration Motion requests permission to have multiple law-enforcement witnesses. Specifically, the Government seeks to allow two law enforcement officers in addition to the case agent, Special Agent Elizabeth Richards, to remain in the Courtroom during trial of this matter: (1) AT Forensic Auditor Brian McHugh and (2) IRS Special Agent Suzanne Kalwar.

In support of its Motion, the Government asserts that each of these agents have been closely involved with the investigation and prosecution of this case. The purpose of sequestering a witness is to "prevent witnesses from "tailoring" their testimony to that of earlier witnesses." *Geders v. United States*, 425 U.S. 80, 87, 96 S. Ct. 1330, 1335 (1976); *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981). Case agents are exempted from sequestration. *United States v. Alvarado*, 647 F. 2d 537 (5th Cir. 1981). It is within the Court's discretion to allow multiple case agents to be exempted from the Courtroom. *See, e.g., Alvarodo*,

---

[3] The Non-Sequestration Motion, however, states that "counsel for Defendants have previously objected" to the additional law enforcement officer's presence. Counsel never filed any objection, nor any legal or factual basis supporting any objection.

647 F. 3d at 540; *U.S. v. Ratfield*, 342 Fed. Appx. 510 (11th Cir. 2009). Accordingly, with no objection on file, the Court will grant the Government's Motion to have multiple witnesses, as designated above.

The Government's next Motion relates to the information as to the identity of one of its CIs. The Government, in the Motion, asserts that it has made all required disclosures to the defense, and that identification of the CI is unnecessary. This Motion was filed over three months ago, and the Defendants filed no response. To the extent that a ruling on this Motion is still necessary, I find that the Motion is due to be granted as the burden lies with the Defendant to establish the need for such identification. *See United States v. Diaz*, 655 F.2d 590, 588-89 (5th Cir. 1981); *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991), *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985).

The Government next seeks to prohibit the Defendants from attempting to improperly impeach AT special agent John Leahy by referring to a case in this district where a district judge suppressed evidence on the basis of a credibility finding from another case in the district. Specifically, Judge Altonaga suppressed evidence acquired during a search incident to the "alleged consent" of the defendant's girlfriend. The court held a hearing and was presented with differing accounts of the "consent," and found that the girlfriend's account was more credible than the agent's account – the agent was John Leahy. The Government anticipates that the Defendants will try to impeach agent Leahy with Judge Altonaga's order. It cites to *United States v. Jones*, 29 F.3d 1549 (11th Cir. 1994) for the proposition that Judge Altonaga's finding in the above-referenced order are inadmissible hearsay. The Defendants again have not responded to this Motion, and as it is only speculative at this point the Defendants will try to use this order against agent Leahy, I find it unnecessary to rule on the Motion at this time.

The Government next seeks to preclude Defendants from arguing, eliciting testimony (including expert testimony) or presenting any evidence regarding any of AT's policies or practices concerning the sending of "warning letters" to individuals suspected of dealing in firearms without a license of gun show related investigations.  Specifically, the Government anticipates that the Defendants will argue that AT was required to send such a warning letter to them prior to arresting them.  The Government asserts that this argument is false and is unsupported by either AT policy or the Statute criminalizing the unlicensed sale of firearms.  I have reviewed the submitted policy and the governing statute and find that while AT may send a warning letter, it does not appear to be mandatory.

Defendants respond to this Motion, and inform the Court that they do not seek to represent the warning letter as mandatory policy, but rather as support for the fact that the Defendants did not willfully violate the law.  I find it best to defer ruling on this Motion until such time as need arises in trial.

The last Motion at issue is the Defendant's Motion to preclude the "Government from displaying what amounts to an arsenal at trial, comprised of weapons with no relevance to the charges herein, and particularly a Barrett 50 caliber sniper rifle, which was never owned by either Defendant and is not alleged to have been sold illegally."  The Government responds that it must establish the Defendant's "engagement in the business of selling firearms," as part of their burden at trial, and that the referenced rifle is just one example of the Defendants' sale of firearms which evidence a business purpose rather than a sale as just a hobby.  I find that the Rifle is relevant to the Government's case, and so the Motion is due to be denied.

In conclusion: it is

ORDERED and ADJUDGED as follows:

1. Government's Motion (DE 68) and Amended Motion in Liming Regarding Non-Sequestration of Law Enforcement Witness (DE 129) (the "Non-Sequestration Motion") is GRANTED;

2. Government's Motion for Protective Order as to CI Information (DE 91) is GRANTED;

3. Government's Motion *in Liming* Concerning AT Special Agent, John Leahy (DE 92) is DEFERRED;

4. Government's Motion *in Liming* to Preclude Argument and Evidence Related to AT Policies (DE 125) DEFERRED; and

5. Defendants' Motion *in Liming* Regarding Display of Firearms, Particularly the Barrett 50 Caliber Sniper Rifle in the Government's Possession (DE 127 & 128) is DENIED.

DONE and ORDERED in Chambers, at West Palm Beach, Florida this 20th day of September, 2013.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE