UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-80234-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

vs.

RAFAEL OSCAR VALDES, *et al.*,

Defendants.
_____/

## ORDER ON OBJECTIONS TO JURY INSTRUCTIONS

THIS CAUSE comes before the Court upon the Defendants' Objection to Pattern Jury Instruction 34.1 and Request for Modified Instruction (DE 142). I have reviewed the Objection and the Government's response thereto (DE 150) and am otherwise fully informed of the premises.

In their Motion,[1] the Defendants dispute the language of the Eleventh Circuit Pattern Jury Instruction 34.1 relating to the crime of dealing in firearms without a license. This instruction sets forth the instruction regarding illegal sales of firearms without a federal license as follows:

> It's a Federal crime to be in the business of dealing in firearms without a Federal license.
>
> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> (1)  the Defendant engaged in the business of dealing in firearms;
>
> (2)  the Defendant didn't have a license issued under Federal law; and

---

[1] The Motion was filed by Rafael Valdes, but Tammy Valdes Adopted the Motion as her own via Docket Entry 143.

> (3) the Defendant acted knowingly and willfully.
>
> A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.
>
> A person is "engaged in the business of dealing in firearms" at wholesale or retail if that person regularly devotes time, attention, and labor to repeatedly purchasing and reselling firearms <u>principally to earn a living</u>. A person who makes an occasional sale, exchange, or purchase of firearms for that person's own personal collection or hobby or sells all or part of that person's own personal collection is not engaged in the business of selling firearms.
>
> A "dealer" is any person engaged in the business of selling firearms at wholesale or retail, even if it's not the person's primary business or job. The Government must prove that the Defendant knew that [his] [her] conduct was unlawful, but it doesn't have to prove that the defendant actually knew about the federal licensing requirement.
>
> The "<u>principal objective of livelihood and profit</u>" is the <u>intent to earn a living or make some money</u> from the regular sale of firearms – not just to improve a person's collection or reduce a personal collection. Whether a profit actually results does not matter.
>
> [Proof of a profit motive isn't required if the Defendant deals regularly in firearms for criminal or terroristic purposes.]

ELEVENTH CIRCUIT PATTERN JURY INSTRUCTION 34.1 (2010 ed.). (Disputed terms emphasized).

The relevant statutory basis for Instruction 34.1 is as follows:

Title 18 U.S.C. §922(a)(1)(A) makes it a crime for anyone "except a . . . licensed dealer, to engage in the business of . . . dealing in firearms." The definition for the term "dealer" is found at 18 U.S.C. §921(a)(11) and provides that a "dealer" is "a person engaged in the business of selling firearms at wholesale or retail." The definition for the term "engaged in the business" is found at 18 U.S.C. §921(a)(21)(C) and states that the phrase means a person who "devotes time, attention,

and labor to dealing in firearms as a regular course of trade or business with the <u>principal objective of livelihood and profit</u> through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms."

As a preliminary matter, I first note that one of the disputed terms comes before me *sua sponte*. This instruction was revised in 2010, and in an effort to make the criminal instructions more comprehensible to jurors, certain terms were modified to provide plain language equivalents. In reviewing Instruction 34.1, I note that this conversion resulted in an inadvertent modification going to a critical element of the instruction. Specifically, the statute defines one "engaged in the business" to mean a person who "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the <u>principal objective of livelihood and profit</u> through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms." 18 U.S.C. §921(a)(21)(C).

The revised instructions omitted the underlined language above, replacing it with the term "principally to earn a living." The instruction goes on to define the required element of "principal objective of livelihood and profit," thereby, resulting in an internal inconsistency in the instruction. Accordingly, the Court will modify the instruction to replace the term "principally to earn a living" with the phrase "with the principal objective of livelihood and profit" as follows:

> A person is "engaged in the business of dealing in firearms" at wholesale or retail if that person regularly devotes time, attention, and labor to repeatedly purchasing and reselling firearms <u>with the principal objective of livelihood and profit</u>. A person who makes an occasional sale, exchange, or purchase of firearms for that person's

own personal collection or hobby or sells all or part of that person's own personal collection is not engaged in the business of selling firearms.

The Statute governing sales of firearms was amended in 1986. Prior to the 1986 Amendment, Section at 18 U.S.C. §922(a)(1)(A) read exactly as it does today as did Section 921(a)(11). The previous version of Section 921, however lacked any definition of "engaged in the business," and, relatedly, "principal objective of livelihood and profit."

Before the addition of the definitions found in Section 921(a)(21) and (22), Courts had almost uniformly interpreted "engaged in the business" to mean whether an accused "ha[d] guns on hand or [was] ready and able to procure them for the purpose of selling them from time to time to such persons as might be accepted as customers." *United States v. Shirling*, 572 F.2d 532, 534 (5th Cir. 1978); *United States v. Wilmoth*, 636 F.2d 123, 125 (5th Cir. 1981); *United States v. Masters*, 622 F.2d 83 (4th Cir. 1980); *Wilson v. United States*, 149 F.2d 780 (6th Cir. 1945); *United States v. Ellis*, 747 F.2d 1205 (8th Cir. 1984); *United States v. Breier*, 813 F.2d 212 (9th Cir. 1987) (applying pre-amendment statute); *United States v. Swinton*, 521 F.2d 1255 (10th Cir. 1975).[2]

Since the amendment of Section 921, this definition of "engaged in the business" the courts referenced above have adopted Section 921(a)(21)(C) and (22)'s definitions, but have largely continued to consider whether an individual defendant "has guns on hand or is ready and able to procure them for the purpose of selling them from time to time to such persons as might be accepted as customers" as a factor in their assessment of whether the defendant had the "principal objective of livelihood and profit."

Moving on now to the Defendants' objection to Instruction 34.1, I note that they do not

---

[2] I note that the majority of these cases also held that it was not necessary to establish that the defendant had actually made a profit.

provide a modified instruction, but simply assert that Instruction 34.1's definition of "livelihood" is incorrect and could mislead the jury into conviction where Congress did not intend. Specifically, Defendants assert that the "most common definition of 'livelihood' is 'means of living.'[3] Thus one who acts for the purpose of 'livelihood' acts for the purpose of making a living." In other words, the Defendant's assert that a defendants purpose must be to support themselves, not merely to supplement their income. Defendants insist that the inclusion of the words "and profit" requires that "livelihood" be given this meaning because to find otherwise would render "livelihood" meaningless. Defendants assert that Congress' intent was to "convict only those who intended to make a living by selling firearms. Thus if the jury were permitted to convict [the Valdeses] on the basis that [they] sold firearms to supplement [their] income, such a conviction would be contrary to what is in fact prohibited by the statute." (Obj. at ¶ 4). The Defendants provide no cases supporting this interpretation, and appear to assert that the cases which have discussed this issue have been wrong because the definition of "livelihood" used in them is incorrect. I do not agree.

Sole source of "livelihood"

"In one of [the Supreme Court's] early tax cases,[4] the Court was concerned with the Corporation Tax imposed by § 38 of the Tariff Act of 1909, ch. 6, 36 Stat. 112-117, and the status of being engaged in business." It said: "'Business' is a very comprehensive term and embraces everything about which a person can be employed." 220 U.S. at 171. It embraced the Bouvier Dictionary definition: "That which occupies the time, attention and labor of men for the purpose of

---

[3] The Defendants' objection has a footnote number after this definition, but no footnote exists, and so accordingly, no source for this definition is provided.

[4] *Flint v. Stone Tracy Co.*, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911). *See also Helvering v. Horst*, 311 U.S. 112, 118, 61 S.Ct. 144, 147, 85 L.Ed. 75 (1940).

a livelihood or profit." *Id.* "And Justice Frankfurter. . . observed that "we assume that Congress uses common words in their popular meaning, as used in the common speech of men." Frankfurter, *Some Reflections on the Reading of Statutes*, 47 COLUM. L. REV. 527, 536 (1947).

"When a word is not defined by statute, [the court will] normally construe it in accord with its ordinary or natural meaning." *United States v. Graham*, 305 F.3d 1094, 1102 (10th Cir. 2002) (discussing Section 922 and citing *Smith v. United States*, 508 U.S. 223, 228, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)).

The phrase at issue here is the definition of "principal objective of livelihood and profit." This term is defined in 18 U.S.C. §921(a)(22) as meaning "that the intent underlying the sale or disposition of firearms is predominantly one of obtaining <u>livelihood and pecuniary gain</u>, as opposed to other intents, such as improving or liquidating a personal firearms collection."

Webster's Dictionary and Black's Law Dictionary define "livelihood" as "means of support or subsistence." This does not say the "<u>sole</u> means of support or subsistence." The American Heritage Dictionary of the English Language, Fourth Edition (2000) defines "livelihood" as "means of support; subsistence." Again, there is no "sole" modifier to the word means. Collins English Dictionary defines the term as "occupation or employment." Random House Kernerman Webster's College Dictionary defines the term as "a means of supporting one's existence, esp. financially or vocationally; living." There are clearly many very similar definitions of the word "livelihood," none of which require that a person's livelihood be his or her sole means of support.

Those courts which have peripherally discussed the issue presented here have found that conviction under Section 922 does not require the government to prove that the illegal dealing in firearms without a license is an accused defendant's only source of income or livelihood, nor does it have to prove that the defendant actually made a profit. *See, e.g., U.S. v. Nadirashvili*, 655 F.3d

114 (2d Cir. 2011) (citing *United States v. Carter*, 801 F.2d 78, 81-81 (2d Cir. 1986) as holding "[t]he government need not prove that dealing in firearms was the defendant's primary business. Nor is there a 'magic number' of sales that need be specifically proven. Rather, the statute reaches those who hold themselves out as a source of firearms. Consequently, the government need only prove that the defendant has guns on hand or is ready and able to procure them for the purpose of selling them from [time] to time to such persons as might be accepted as customers."); *United States v. Beecham*, 993 F.2d 1539 (4th Cir. 1993) ("The government need not prove that a defendant's 'primary business' was dealing in firearms or that he necessarily made a profit from it.").

In *United States v. Manthey*, 92 F. App'x 291 (6th Cir. 2004), the court held that "a defendant need not deal in firearms as his primary business for conviction." *Id.* at 297. *See also*, *Masters*, 622 F.2d at 88 (noting that the Government need not prove that the defendant's primary business was dealing in firearms); *United States v. Gray*, 470 F. App'x 468 (6th Cir. 2012) (a "defendant need not deal in firearms as his primary business for conviction"); *United States v. Powell*, 513 F.2d 1249, 1250 (8th Cir.1975) ("it is clear that dealing in firearms need not be a defendant's primary business"). I find that Defendants' definition of "livelihood" does not comport with either case law or the ordinary meaning of the word.

### The "principal objective of livelihood and profit"

As stated above, the new definition of "engaged in the business" requires that a defendant, in engaging in firearms transactions without a license, have the principal objective of livelihood and profit. In interpreting this new definition, most courts have not rejected their pre-amendment definition of "engaged in the business," but have instead appeared to incorporate it in developing a totality of the circumstances test.

For example, in 2012, recognizing the change in Sections 922 and 921 since *Shirling*, the Fifth Circuit stated that "[s]ince the enactment in 1986 of [the definition sections outlined above, the Court had] not addressed what constitutes being 'engaged in the business' of dealing in firearms [or the new definition of "with the principle objective of livelihood and profit"]." *United States v. Brenner*, 481 F. App'x 124, 127 (5th Cir. 2012).

Discussing the Third Circuit case of *United States v. Tyson*, 653 F.3d 192, 200 (3d Cir. 2011), the *Brenner* court held that a "defendant engages in the business of dealing in firearms when his 'principal motive is economic' and he 'pursues this objective through the repetitive purchase and resale of firearms.'" *Tyson*, 653 F.3d at 200-01. "[I]n determining the character and intent of firearms transaction, the <u>jury must examine all circumstances surrounding the transactions, without the aid of a 'bright-line rule</u>.' [Such] relevant circumstances include: 'the quantity and the frequency of sales;' the 'location of the sales;' 'conditions under which the sales occurred;' 'defendant's behavior before, during, and after the sales;' 'the price charged;' 'the characteristics of the firearms sold;' and, 'the intent of the seller at the time of the sales.'" *Id.* at 201 (internal citations omitted) (emphasis added).

Also applying a "totality of the circumstances" approach, the Sixth Circuit in *United States v. Gray* defined "principal objective of livelihood and profit" to mean "that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents." 470 F. App'x 468 (6th Cir. 2012).

In *Gray*, the court held that sufficient evidence to support a conviction was established where the government demonstrated: "(1) that the defendant frequented flea markets and gun shows where he displayed and sold guns; (2) that the defendant offered to sell guns to confidential informants on multiple occasions and actually sold them three different guns on two different

occasions; (3) and that the defendant bought and sold guns for profit." *Gray*, 470 F. App'x at 473. These factors reflect a continued consideration of a whether a defendant "has guns on hand or is ready and able to procure them for the purpose of selling them from time to time to such persons as might be accepted as customers." *Id.*

The Sixth Circuit more recently found the following evidence sufficient: "[defendant's] sworn statement to the police he claimed that he did not know his 'profit margin' but admitted that he took in $40,000 in gun sales in a typical year; [the fact that defendant] carefully recorded the cost of each firearm he acquired, enabling him to later determine the amount needed to sell the item in a profitable manner . . . , [his use] of printed business cards and his acceptance of credit payment provide further reason to infer that he was conducting his firearms activity as a profitable trade or business, and not merely as a hobby." *United States v. Dettra*, 238 F.3d 424 (6th Cir. 2000).

In *United States v. Allah*, 130 F.3d 33, 42 (2d Cir. 1997), the Second Circuit similarly utilized a "totality" approach and found that engaging in the business and relatedly the phrase "principal objective of livelihood and profit" to be satisfied when there was:

> no evidence that defendants were selling guns for the various nonpecuniary reasons specified in the statute, such as "the enhancement of a personal collection" or "a hobby." To the contrary, in their conversations with Rosado, both Allah and Hamilton plainly indicated that the weapons they offered to sell were coming, or could be ordered, from outside sources. For example, in his first tape-recorded telephone conversation with Rosado, Allah discussed selling Rosado a dozen guns from a shipment of more than two dozen he expected to receive the following day. In another taped conversation, Allah stated that he had several people bringing him "dough" from selling guns for him "in the streets." (E.g., "I sent dudes out, I'll give them 2, 3 shits [ i.e., guns] a piece [ sic ] and go out make the dough off of them, brings mine back. Um ... I got like three dudes, I got like 3 apiece out. So that's like 9 I got out in the streets. Nah, matter of fact, it's more than 9, 'cause I got like 13 altogether.") Throughout the course of their transactions, Allah negotiated with Rosado over the price of the guns purchased, and like any savvy businessmen Allah and Hamilton "automatically" offered discounts for bulk purchases.

130 F.3d at 35; *see also United States v. Nadirashvili*, 655 F.3d 114, 120 (2d Cir. 2011) (holding that the government's burden under Sections 921 and 922 is "to prove that the defendant has guns on hand or is ready and able to procure them for the purpose of selling them from time to time").

Although not directly addressing the definition issue presented here, the Eleventh Circuit in *United States v. Bailey*[5] adopted the "totality of the circumstances" approach in holding that "[i]n determining whether one is engaged in the business of dealing in firearms, the finder of fact must examine the intent of the actor and all circumstances surrounding the acts alleged to constitute engaging in business." 123 F.3d at 1392.

For these reasons, I find that the Defendants' proposed limitation of the word livelihood is incorrect. Accordingly, it is hereby

**ORDERED and ADJUDGED** that the **OBJECTION is OVERRULED.**

**DONE and ORDERED** in Chambers, at West Palm Beach, Florida this 3rd day of October, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

---

[5] 123 F.3d 1381 (11th Cir. 1997)